UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS JOEY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JIM ROBERTSON, Warden,<br><br>　　　　Respondent. | Case No. 21-09370 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 1. Petitioner has yet to resolve the issue of the filing fee. *Id*. Nevertheless, for the reasons discussed below, the instant petition will be dismissed.

**DISCUSSION**

Petitioner claims that Pelican Bay State Prison is denying him family visitation with his wife and children without due process. Dkt. No. 1 at 3. The petition contains no claim challenging the constitutionality of his state sentence of conviction.

---

[1] The matter was reassigned to this Court on November 3, 2021, by order of Magistrate Judge Thomas S. Hixon pursuant to *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017). Dkt. Nos. 5, 6.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500). Here, Plaintiff's claim that he is being denied visitation is challenging a condition of confinement, and success on this claim would not require release from custody or a shortening of his sentence. Accordingly, Petitioner's sole remedy for this claim attacking conditions of confinement is by filing a § 1983 action. *See Nettles*, 830 F.3d at 931.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

2

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is **DISMISSED** without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form. *See* 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order, along with an *In Forma Pauperis* Application.

Petitioner's motion to "stay" this matter is DENIED as moot. Dkt. No. 10.

This order terminates Docket No. 10.

**IT IS SO ORDERED.**

Dated: ___April 14, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.21\08399Taylor_dism(hc-cr).docx